HIRAM INGLEHART AND JOHN WINSLOW, JR., RESPOND-
ENTS, v. THE THOUSAND ISLAND HOTEL COMPANY,
·APPELLANT.

*Principal and agent — undisclosed principal — liability of.*

If goods are purchased by an agent without disclosing his principal, the creditor
may, nevertheless, hold the principal for the debt when discovered.

APPEAL from a judgment in favor of the plaintiffs, entered on the verdict of a jury.

The action was brought to recover for goods sold and delivered to the firm of Staples & Nott by the plaintiffs, and Sloat, Green-leaf & Company, and Belknap, Palmer & Co. (who assigned their claims to the plaintiffs), at various times between March 21, 1873, and August 18, 1873. The defendant was incorporated April 28, 1873. The incorporators being Oren G. Staples and wife, and Copley A. Nott and wife, and the object of the incorporation being stated to be the business of erecting buildings for hotel purposes, and keeping a hotel. Oren G. Staples and Copley A. Nott composed the firm of Staples & Nott. The goods sold were groceries,

lumber and hardware, used in the construction and keeping of the hotel, and the plaintiffs and their assignors were, at the time, ignorant of the existence of the defendant. In settlement of the bills, Staples & Nott gave their firm notes. The parties accepting the notes knew nothing of the existence of the corporation.

The answer contained a general denial, and averred the acceptance of the notes of Staples & Nott in payment; that the indebtedness was contracted by Staples & Nott; that the plaintiffs agreed to accept twenty per cent of their original claim in settlement; that Sloat, Greenleaf & Company agreed to a like compromise, and that Belknap, Palmer & Company made their claim the basis of a petition in bankruptcy against Staples & Nott.

Nothing was paid under the alleged compromise, and the proceedings in bankruptcy went no farther than the filing of the petition.

The amount of recovery was limited by the court, to so much of the several accounts as accrued after the date of the incorporation of the defendant.

*Anson B. Moore*, for the appellant.

*Bradley Winslow*, for the respondents

E. DARWIN SMITH, J.:

The motion for a nonsuit, we think, was properly denied. It was proper to submit the question to the jury, whether the goods purchased nominally by Staples & Nott, after the incorporation of the defendant, were purchased on their own account, or for the benefit of the defendant. Confessedly, the hotel was erected and carried on by Staples & Nott. They were the president and secretary of the defendants' company, and they and others were the trustees and stockholders of said company. The only men ostensibly connected with the management and control of said hotel and its affairs were said Staples and Nott, and it was a proper question and inquiry for the consideration of the jury, in what capacity they were acting in that relation, whether individually or on behalf of the defendant. If as officers or agents of the defendant they were carrying on said hotel, the defendant was clearly

.iable for debts contracted by them for such purpose, as correctly held by the circuit judge, even though such debts were nominally contracted in their own names. The law on this point was correctly stated in his charge to the jury by the circuit judge. (Story on Agency, §§ 267, 419; *Beebe* v. *Robert*, 12 Wend, 413; *Ferguson* v. *Hamilton,* 35 Barb., 427.)

If the goods are purchased by the agent in his own name, the creditor may, nevertheless, hold the principal for the debt, when discovered. (*Porter* v. *Talcott*, 1 Cow., 359; *Taintor* v. *Prendergast*, 3 Hill, 72.)

None of the exceptions to the charge, and to the refusals of the judge to charge as requested, we think, are well taken.

Upon the question whether the defendant was carrying on the hotel when the said debts were contracted, it was not error to allow the jury to take into consideration, coupled with the other evidence in the cause, the fact that the articles of incorporation of the defendant specified that "the objects for which the said company was formed were the business of erecting buildings for hotel purposes, and keeping a hotel."

The judgment should be affirmed.

Present — MULLIN, P. J., SMITH and NOXON, JJ.

Judgment affirmed.